IN THE UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-S-04-0445 MCE |
|     Plaintiff-Appellee, | |
|   v. | **DECISION ON APPEAL FROM MAGISTRATE JUDGE'S RULING** |
| JOACHIM BENZ, | |
|     Defendant-Appellant. | |

This matter came on regularly for hearing on August 16, 2005 at 8:30 a.m. on an appeal to the District Court from a decision of the Magistrate Judge in the above captioned matter. The United States of America, Plaintiff-Appellee, hereinafter referred to as "Appellee", appeared by and through the Assistant United States Attorney Samantha Spangler. Joachim Benz, Defendant-Appellant, hereinafter referred to as "Appellant", appeared by and through Livia R. Morales of the Federal Defender's Office of the Eastern District of California. Mr. Benz did not appear at the hearing in accordance with a waiver of appearance on file with the Court.

1

1     This appeal is based upon three issues:

2     1.   Appellant claims that the Magistrate Judge committed
3  error by failing to specifically advise him of the minimum term
4  of incarceration prior to his plea in accordance with Federal
5  Rule of Criminal Procedure 11.

6     2.   Appellant claims that his fine of $500.00 must be
7  vacated because the Magistrate Judge misunderstood the minimum
8  amount to be $500.00 when the statute provides for a minimum fine
9  of $300.00.

10    3.   The Magistrate Judge committed error in failing to
11 determine whether certain work release provisions under the
12 California Penal Code must be assimilated under the Assimilative
13 Crimes Act.

14    The Appellant first claims that the Magistrate Judge
15 committed plain error when he failed to specifically advise the
16 appellant of a minimum term of incarceration under California
17 Vehicle Code 14601.2 (hereinafter "section 14601.2").  The
18 minimum period of incarceration that is to be imposed after a
19 conviction under section 14601.2 is ten (10) days.  A review of
20 the transcript of the proceedings clearly shows that the
21 Magistrate Judge did not specifically inform the Appellant at the
22 time of his plea that there was a minimum period of incarceration
23 of ten (10) days.  That having been said, there was a great deal
24 of conversation between the Judge, the government's attorney and
25 the appellant's attorney regarding the sentence that was sought
26 to be imposed in this case.
27 ///
28 ///

2

1  Specifically, the Magistrate Judge asked the government's
2 attorney in the presence of the appellant's attorney as well as
3 the appellant, if the government was seeking the minimum
4 statutory requirements of ten (10) days incarceration as well as
5 a fine.  The government's attorney responded to the question in
6 the affirmative.  At no time did the appellant nor his attorney
7 raise any objection to that fact that there was a minimum period
8 of incarceration for a conviction under section 14601.2.  It
9 should also be noted that after the appellant was sentenced,
10 neither the appellant nor the appellant's attorney raised any
11 issue regarding that the required minimum period of incarceration
12 under the statute was being imposed.  Even if it is assumed that
13 the Magistrate Judge committed plain error by not strictly
14 complying with all of the aspects of Rule 11, this error did not
15 in any way affect the fairness, integrity or public reputation of
16 the proceedings.
17  For these reasons, the Magistrate Judge's ruling on this
18 issue is affirmed.
19  Appellant also claims that the Magistrate Judge misread the
20 mandatory minimum fine required for a conviction under section
21 14601.2 and imposed a fine of $500.00 when the statutory minimum
22 fine was $300.00.
23  The Court finds from a review of the transcripts that an
24 error was in fact made when the Magistrate Judge stated that he
25 was imposing a "minimum fine" of $500.00 when the actual minimum
26 statutory fine as provided in the statute is $300.00.
27 ///
28 ///

The Court does not find the government's argument that the Magistrate Judge nonetheless had the authority to impose a fine between the minimum of $300.00 and the maximum of $1,000.00 so that a $500.00 fine would be appropriate to be persuasive in this matter.

This case is remanded to the Magistrate Judge for the limited purpose of determining the actual amount of the fine to be imposed on the appellant.

The third claim by Appellant is that the Magistrate Judge, when imposing the ten (10) day period of incarceration, did not take into account alternative methods of sentencing provided by California statute when requiring the appellant to serve ten (10) days of actual incarceration.

Appellant claims that Penal Code section 404.2 requires that a judge impose a sentence other than actual imprisonment in cases such as this.

Penal Code section 404.2 states in part that "any county *may* authorize the Sheriff or other official in charge of county correctional facilities to offer a voluntary program to which any person admitted to the facility *may* participate in a work release program ...". Penal Code section 404.2 is a permissive statute when it comes to authorization of work release programs in lieu of incarceration. Not every county in the state of California has or is required to have a mandatory work release program.

///
///
///
///

1   In state court proceedings, there are many circumstances in
2 which a judge specifically elects not to recommend or permit work
3 release or other types of alternative sentencing to be carried
4 out.  The actual method of incarceration is left up to the
5 discretion of the Sheriff of each county.  There are many times
6 when a person will simply not qualify for alternative sentencing
7 due to physical or mental limitations or past conduct while in
8 the custody of the Sheriff. When imposing a sentence on a
9 defendant the judge will simply make a *recommendation* that the
10 term or a portion of a term be served through work project or
11 work release.

12   Accordingly, the Magistrate Judge did not err in not
13 ordering an alternative method for serving the ten (10) day
14 sentence. Alternative sentencing is left to the sound discretion
15 of the trial judge. Appellant is in error when he argues that he
16 is entitled to work release or work furlough as a matter of law.

17   For this reason, the Court does not find that the
18 Assimilative Crimes Act is applicable in this case and the
19 Magistrate Judge's decision is affirmed.

20 DATE: August 19, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE